UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:18-cr-00290-DCN |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| vs. | |
| CHRISTOPHER WILLIAM BOUNDS, | |
| Defendant. | |

## I. INTRODUCTION

Pending before the Court is Defendant Christopher Bounds' Emergency Motion to Stay Proceedings Pending Appeal. Dkt. 155. Oral argument was not requested, and due to the time constraint involved—namely that trial is scheduled to begin in essentially one business day—the Court will decide the issue without oral argument.

Upon review, and for the reasons set forth below, the Court DENIES Bounds' Motion.

## II. BACKGROUND

### A. Procedural Background

Trial in this case is set to begin on Monday, August 24, 2020. On Thursday, August 20, 2020, Bounds filed a Notice of Interlocutory Appeal. Dkt. 154. Bounds explained in his notice that he is appealing three (3) of the Court's prior rulings: the Court's June 21, 2019, Memorandum Decision and Order (Dkt. 54); the Court's July 9, 2020, Memorandum Decision and Order (Dkt. 119) ("Public Authority Defense Order"); and the Court's August 7, 2020, Memorandum Decision and Order (Dkt. 135). *Id.*

The Court and counsel communicated informally concerning Bounds' August 20, 2020 filing. During those informal communications, the Court indicated that the *notice itself* did not divest the Court of jurisdiction and that trial, set for August 24, 2020, would continue as planned.

Subsequent to those talks, and on that same day (August 20, 2020), Bounds filed an Emergency Motion to Stay Proceedings Pending Appeal. Dkt. 155. The Government indicated (via email) its intention to respond to the Motion. The Court gave the Government until 12:00 PM on Friday, August 21, 2020, to respond. The Government complied and filed an opposition to Bounds' Motion. Dkt. 156. Within hours, Bounds briefly replied. Dkt. 157. The matter is now ripe for review.

**B. Factual Background**

The underlying facts of this case have been discussed in the Court's prior decisions,[1] familiarity with which is generally assumed. Certain litigation background, however, provides necessary context for the Court's decision today.

The first order Bounds appeals is the Court's June 21, 2019, Memorandum Decision and Order (Dkt. 54) related to certain discovery requests. Dkt. 154. From the outset of this case,[2] Bounds has asserted he was working for the Drug Enforcement Administration ("DEA") and/or under its direction when buying, selling, and transporting drugs and guns.

---

[1] *See e.g.*, Dkts. 54, 119, 135.

[2] Bounds has not only consistently asserted he worked for DEA throughout this case, but also made such claims *before* this case even began. Bounds told officers he was a confidential informant working for the DEA when he was pulled over on two separate occasions—one of which serves as the bases for the charges in the present case.

Early on, Bounds stated his intent to present a public authority defense at trial. On April 15, 2019, Bounds filed a motion for discovery seeking the disclosure of "exculpatory evidence" relating to this defense. Dkt. 38. For example, Bounds requested surveillance reports, informant reports, and recordings from any and all law enforcement agencies that might have such information on him. *See generally* Dkt. 38.

In its response to Bounds' discovery motion, the Government noted that the requests were very broad, that it had already turned over what it could on these topics, and that, frankly, much of the sought-after information did not exist. Dkt. 47. The Government reiterated, however, that if any relevant information/discovery came to its attention, it would turn it over to Bounds. The Court ultimately granted Bounds' discovery motion in part and denied it in part. Dkt. 54, at 10. The Court denied many of the requests as overbroad, but also granted some of the requests "to the extent [Bounds] seeks information the Government is already required to disclose pursuant to Rule 16 of the Federal Rules of Criminal Procedure." *Id.* at 11. Bounds appeals that order. Dkt. 154.

The second order Bounds appeals is the Court's July 9, 2020, Public Authority Defense Order. *Id*. On April 24, 2020, the Government filed a Motion in Limine. Dkt. 93. In this particular motion, the Government sought to preclude or otherwise limit Bounds' use of evidence or testimony supporting his public authority defense at trial. *Id.* The Court held an evidentiary hearing on June 11, 2020, and took the matter under advisement. In a subsequent decision, issued on July 9, 2020, the Court granted the Governments' Motion in Limine. Dkt. 119. To summarize, after hearing testimony on the matter and reviewing

the record and evidence, the Court weighed the applicable factors and ultimately found Bound's defense lacking:

> . . . Bounds has not met his burden [in establishing the sufficiently of his public authority defense]. While Bounds himself may have subjectively believed he was working for the DEA as a Confidential Source—and even that position rests on shaky ground—his inconsistent statements, coupled with uncontroverted evidence to the contrary, illustrate his belief was not reasonable.
>
> Bounds' reliance in this case was not a 'reasonable reliance' on the 'authority of a government official' and does not support the argument that he was acting at the 'request of a government agent' as required for a prima facie showing of a public authority defense. Accordingly, the Court cannot allow Bounds to present such a theory to a jury. In so doing, the Court is not taking an otherwise appropriate question away from the jury in this case, but is not allowing a baseless theory to be presented to a jury when no reasonable trier of fact could find in Bounds' favor. Allowing Bounds to present this theory would be an exercise in futility.

*Id.* at 15–16 (internal citations and parenthetical quotations omitted). Bounds now appeals this decision. Dkt. 154. As part of his Emergency Motion to Stay, Bounds argues specifically that the Court's Public Authority Defense Order (Dkt. 119) is immediately appealable and divests the Court of jurisdiction to conduct trial until the Ninth Circuit has ruled on whether the interlocutory appeal is appropriate. *See generally* Dkt. 155.

The third order Bounds appeals is the Court's August 7, 2020, Memorandum Decision and Order (Dkt. 135) regarding certain witnesses. Dkt. 154. On April 24, 2020, Bounds also filed a motion to exclude two prospective witnesses based upon a perceived attorney conflict of interest. The Court ultimately found there had been no conflict of interest, that the prospective witnesses had not been "tainted," and that each would be allowed to testify at trial—if called. Dkt. 135. These matters are only tangentially related

to Bounds' public authority defense and need not be addressed further. This order, however, was included in Bounds' Notice of Appeal. Dkt. 154.

### III. ANALYSIS

Pursuant to 28 U.S.C. § 1291, an appellate court generally lacks jurisdiction to hear an appeal of a criminal matter until after conviction and sentence. Said in the affirmative, appellate courts only have jurisdiction over appeals from all "final" decisions of the district courts of the United States. 28 U.S.C. § 1291; *United States v. Swenson*, 2014 WL 3687231, at *1 (D. Idaho July 22, 2014). In criminal cases, finality generally coincides with the termination of the criminal proceedings. *See U.S. v. Vela*, 624 F.3d 1148, 1151 (9th Cir. 2010). "'[F]inal decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Id.* (internal quotation and citation omitted).

However, "[u]nder the collateral order doctrine, a small class of decisions are appealable under § 1291 even though they do not terminate the underlying action." *U.S. v. Pace*, 201 F.3d 1116, 1119 (9th Cir. 2000). As the Ninth Circuit explained earlier this month in *United States v. Acad. Mortg. Corp.*, to fall within the "limited scope" of the collateral order doctrine, a district court order "must satisfy three requirements first described by the Supreme Court in Cohen: it must (1) be 'conclusive' on the issue at hand, (2) 'resolve important questions separate from the merits,' and (3) be 'effectively unreviewable' after final judgment." 2020 WL 4462130, at *3 (9th Cir. Aug. 4, 2020) (citing *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545–46 (1949)). In other words, the order must meet the *Cohen* test to be a decision appealable under § 1291.

The Ninth Circuit reiterated that these conditions are "stringent," and that efforts to expand the scope of the collateral order doctrine have been repeatedly rebuffed. *Id.; see also Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994); *Will v. Hallock*, 546 U.S. 345, 350 (2006). *See also, In re Nissan Motor Corp. Antitrust Litig.*, 552 F.2d 1088, 1095 (5th Cir.1977) (noting that an interlocutory appeal must address "serious and unsettled question(s) of law . . . that this court has not previously addressed and are particularly appropriate for resolution as a collateral order") (citation omitted); *Sell v. United States,* 539 U.S. 166 (2003) (collateral order is reviewable if it "raises questions of clear constitutional importance"); *Cohen,* 337 U.S. at 547 (collateral order is appropriate when it "presents a serious and unsettled question").

Bounds contends that the Court's Public Authority Defense Order is a "collateral order" and can be immediately appealed because of its importance and because it is "collateral" to the underlying charges against him. Bounds argues this is so because "it is an affirmative defense which stands on its own merits and is completely resolved without resorting to the Government's case in chief." Dkt 155, at 3. The Government contends the orders are not collateral, cannot be appealed at this stage, and that Bounds will have a full and fair opportunity to seek appellate review of these matters later (when appropriate). Under the circumstances, the Court must agree.

In this case, the Court finds its Public Authority Defense Order does not meet the

*Cohen* test and, therefore, is not appealable under § 1291.[3]

Under the first prong of the *Cohen* test, the Court must determine if its order was conclusive to the matter at hand. While the Court's Public Authority Defense Order *may* be conclusive on that issue, even that is not a given. The Court's order was in response to a motion in limine. Motions in limine are inherently subject to change at trial. *See Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000) (noting that in limine rulings are preliminary and, therefore, "are not binding on the trial judge [who] may always change his mind during the course of a trial." (citation omitted)). To be sure, the Court's Public Authority Defense Order prohibits Bounds from introducing his affirmative defense at trial, but (as with all pre-trial rulings) it is subject to change. The Court, however, assumes—without deciding— that its Public Authority Defense Order satisfies the first prong of the Cohen test. The Court turns next to the second factor.

Second, under the *Cohen* test, the Court next asks whether its Public Authority Defense Order resolves an important issue separate from the merits of the case. Bounds' public authority defense is intertwined with the merits of this case; it is literally his defense to the merits of the Government's criminal case against him. While he will not be able to present such evidence at trial, the Court's decision excluding this theory did not determine an "important question separate" from the merits of the case. Rather, the question of whether Bounds can present his affirmative defense is evidentiary and goes to the heart of

---

[3] While Bounds' Notice of Appeal (Dkt. 154) outlined three orders, Bounds' Emergency Motion centers on the Court's Public Authority Defense Order. The Court, therefore, uses that order in its analysis, although a similar analysis applies to the other two orders as well.

MEMORANDUM DECISION AND ORDER - 7

Bounds' case. Again, however, even assuming arguendo the Court's Public Authority Defense Order satisfies this prong of the test, the Court finds its order does not meet the third *Cohen* element.

Third, the Court must ask whether its order is "effectively unreviewable" after final judgment. The Court finds that this is the pivotal *Cohen* element in the present case. Bounds does not address this element. And frankly he cannot, because appeal *is still an option*. Once trial and sentencing have occurred and the case has been terminated, the matters will be "final" and Bounds can appeal. If the Circuit overturns *any* of the three orders Bounds has appealed, the case will be remanded, and the Court will simply hold a new trial. In short, the matters Bounds seeks review over are not "unreviewable."

Upon review, the Court finds that the three orders Bounds seeks to appeal are *not* collateral and cannot be appealed in an interlocutory manner. Because the Court finds the orders are not immediately appealable, the Court is not divested of jurisdiction. Furthermore, even assuming arguendo that the Ninth Circuit had jurisdiction to consider this appeal at this time, "an appeal from an interlocutory order does not stay the proceedings, as it is firmly established that an appeal from an interlocutory order does not divest the trial court of jurisdiction to continue with other phases of the case." *Plotkin v. Pacific Tel. & Tel. Co.,* 688 F.2d 1291, 1293 (9th Cir. 1982). Accordingly, because the Court is not divested of jurisdiction, it orders that trial shall continue as scheduled on Monday, August 24, 2020.

## IV. CONCLUSION

The Court finds Bounds has not met his burden for the Court to grant a stay of the

proceedings. The three orders he seeks appellate review of are not collateral and cannot be appealed at this time. Bounds will have a chance to seek review over each of the disputed orders, but not until the decisions are "final" for the purposes of appeal.

## V. ORDER

**IT IS HEREBY ORDERED:**

1. Bounds' Emergency Motion to Stay (Dkt. 155) is DENIED. The final pre-trial conference in this case shall commence at 12:00 PM (PT) on Monday, August 24, 2020. Voir dire will begin at 1:30 PM (PT).

DATED: August 21, 2020

_____
David C. Nye
Chief U.S. District Court Judge