UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTOPHER WILLIAM BOUNDS,<br><br>Defendant. | Case No. 3:18-cr-00290-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

# I. INTRODUCTION

Pending before the Court is Defendant Christopher William Bounds' combined "Motion to Re-visit Ineffective Assistance of Counsel Claim" and "Motion for 90 day Sentencing Continuance" (Dkt. 175);[1] and "Motion to waive 14-day Rule 33 Filing Deadline for (Ineffective Assistance of Counsel Claim)" (Dkt. 188). The Government opposes both Motions. Dkt. 189.

Having reviewed the record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs.[2] Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court decides the pending motions on the record and without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, and

---

[1] Bounds also filed "supplemental evidence" and additional briefing after filing this initial Motion. Dkts. 177, 178, 179.

[2] As will be explained below, the Court originally set Bounds' first Motion for hearing. That hearing was vacated due to COVID-19 concerns. The Court thereafter determined that a hearing would not be necessary.

for the reasons set forth below, the Court DENIES both Motions.

## II. BACKGROUND

On September 18, 2018, Bounds was indicted. Dkt. 1. On September 24, 2018, Amy Rubin appeared on Bounds' behalf. Dkt. 11. On October 1, 2018, Rubin filed a motion to withdraw. Dkt. 16. Judge Lodge granted the Motion to Withdraw. The Court has previously addressed this situation and found that Rubin's withdrawal was proper. Dkt. 135.

In his order allowing Rubin to withdraw, Judge Lodge simultaneously appointed Nick Vieth as counsel for Bounds. Dkt. 18. Less than one month later, Bounds wrote the Court a sealed letter asking for new counsel. Dkt. 21. Vieth filed a motion to withdraw shortly thereafter. Dkt. 22. Judge Lodge granted the motion and appointed David Partovi as Bounds' new counsel. Dkt. 23.

On April 2, 2019, Bounds sent another ex parte letter to the Court stating that David Partovi was the "best around" and that he did "not want anybody except David Partovi to handle my case." Dkt. 36. Bounds stated, however, that Partovi was "working himself to death" and needed co-counsel. *Id*. Approximately two months later, on June 25, 2019, Bounds wrote Partovi a letter asking him to withdraw. Dkt. 57-1. Partovi dutifully filed a motion to withdraw (Dkt. 57) which the Court granted (Dkt. 61). The Court subsequently appointed Jonathon Hallin as counsel for Bounds on July 9, 2019. Dkt. 62.

On December 10, 2019, Bounds filed an ex parte sealed motion entitled "Inaffective [sic] Assistance of Counsel" asserting that Hallin's representation was deficient and requesting new counsel. Dkt. 80. The Court set the matter for hearing. Dkt. 81. At the hearing, the Court noted that it appeared the relationship was manageable but essentially

MEMORANDUM DECISION AND ORDER - 2

held the motion in abeyance, noting that if Bounds had concerns at a later date, he should advise the Court of his concerns and the Court would revisit the matter. Dkt. 84.

On the eve of trial, Bounds again wrote the Court asking for "guidance" since his relationship with his attorney had grown "toxic." Dkt. 151. Critically, Bounds *did not* ask for new counsel at that time, but simply for guidance on what to do with his attorney.[3]

Trial commenced on August 24, 2020. Dkt. 163. After four days of testimony and evidence, the jury deliberated and returned a guilty verdict on all counts alleged in the indictment. Dkt. 171.

On October 5, 2020, Bounds filed the instant motion titled (among other things) "Motion to re-visit Ineffective Assistance of Counsel Claim." Dkt. 175. In his Motion, Bounds claims again that he and his attorney have suffered a breakdown in communication and that he needs a new attorney for the sentencing portion of his case. Additionally, Bounds requests a continuance of sentencing so that his new attorney can get up to speed. In support of his assertion, Bounds provides jail call logs purportedly showing that he called Hallin on numerous occasions over a seven-day period (Sept 22-Sept 29), but Hallin did not answer or call him back. On October 13, 2020, Bounds filed a supplement to his motion. Dkt. 178. In this supplement, Bounds included his visitation log purportedly illustrating the fact that Hallin never visited him while he was in jail. *Id*.

---

[3] In his letter, Bounds complained of other procedural matters and also mused over filing an interlocutory appeal of certain orders issued by the Court. Dkt. 151. Bounds raises the Court's failure to address this prior letter in the instant briefing. As it has already explained, Bounds' submission was not really a motion as much as it was a request for guidance. And while the Court had previously told Bounds to bring any attorney-client concerns to the Court's attention, it did not mean to imply Bounds could file informal letters requesting ex parte guidance. In short, the Court did not address the letter because it found it improper.

MEMORANDUM DECISION AND ORDER - 3

Setting aside the above, the Court notes that during this same timeframe, pre-sentence duties were ongoing. United States Probation interviewed Bounds and submitted a pre-sentence investigation report (Dkt. 176), and the parties—including Hallin—filed objections and other pre-sentencing papers (Dkts. 180, 181, 190, 191). Critically, Hallin's objections to the presentence investigation report include information only Bounds could have known, such as the status of Bounds' relationship with his children. This appears to indicate that Hallin had contact with Bounds before filing the objections. Regardless, Bounds maintains he and Hallin cannot continue working together.

The Court effectively granted Bounds motion to "revisit" his ineffective assistance claim by setting a hearing on the motion for November 17, 2020. Dkt. 182. Due to a surge in COVID-19 cases in Idaho, however, the Court determined that it would have to hold the November 17, 2020 hearing via ZOOM. Dkt. 192. *Although not required*, the Court sought Bounds' acquiescence to the change. Bounds, however, would not waive an in-person appearance. Thus, the Court vacated the hearing. Dkt. 196.

After setting the hearing (but before the hearing was to take place) Bounds filed another document asking the Court to waive the 14-day time requirement for requesting a new trial under Federal Rule of Criminal Procedure 33. Dkt. 188. Bounds sought to stay the 14-day deadline pending the Court's resolution of his first motion for ineffective assistance of counsel claims. *Id*.

The Government has filed an omnibus objection to these motions. Dkt. 189. In its objection, the Government opines that the substance of the motions (ineffective assistance of counsel) is premature and should not be addressed at this stage of the proceedings. *Id*.

MEMORANDUM DECISION AND ORDER - 4

In its opinion, the Court should defer ruling on these matters until after sentencing has occurred. *Id.*

### III. DISCUSSION

As a threshold matter, the Court notes that, by its count, Bounds has filed roughly 30 ex parte and/or pro se motions, notices, supplements, and requests during the pendency of his case. Some were mundane, such as asking for a copy of the docket. Others, however, were substantive—such as requesting discovery—and not appropriate in light of the fact that Bounds is represented by counsel. As the Court indicated on two occasions recently:

> It is not appropriate for a prisoner to file motions pro se when he is represented by counsel. *U.S. v. Olano*, 62 F.3d 1180, 1193 (9th Cir. 1995); *Byerly v. Idaho Board of Corrections*, 2019 WL 3848783 (D. Idaho 2019) ("An accused has the right to represent himself or herself pro se or to be represented by an attorney, but he does not have an absolute right to elect to be represented by counsel and also to represent himself or serve as his own co-counsel.").

Dkt. 195, at 1; Dkt. 208, at 1. Bounds is currently represented by Hallin. Even though he has disagreements with Hallin—and even wants him to be replaced—it is still not appropriate for Bounds to file Motions himself. Ordinarily, as Bounds did with Partovi, he should have communicated his concerns to Hallin, and then Hallin should have relayed such communications to the Court. However, while the Court does not have to respond to Bounds' pro se filings, because his concerns relate to Hallin's representation, the Court will accept the Motions and address the issues.

**A. Motion for Ineffective Assistance of Counsel (Dkt. 175)**

This Motion is somewhat convoluted and appears to encompass two separate, but interrelated, ideas: (1) an ineffective assistance of counsel claim against Hallin for trial

MEMORANDUM DECISION AND ORDER - 5

(and pre-trial) performance; and (2) a request for new counsel. In the Motion itself (and the attending supplements), Bounds repeatedly uses the phrase "ineffective assistance of counsel" as a claim against Hallin. Frankly, this is the correct verbiage and is a viable claim. Except in this instance, Bounds' motion is far too early.

A defendant is welcome to file an ineffective assistance of counsel claim, however, this is typically done *after* sentencing has taken place. While there are some instances in which an ineffective assistance claim could arise (and be adjudicated) during the course of the litigation, such is rare. What's more, it is within the Court's discretion when, if, and how to deal with these types of claims. As the Ninth Circuit recently explained:

> When a claim of ineffective assistance of counsel is first raised in the district court prior to the judgment of conviction, the district court may, and at times should, consider the claim at that point in the proceeding. However, the decision of whether to review the claim is best left to the discretion of the district court. We are mindful that district courts face competing considerations in deciding whether it is appropriate to inquire into the merits of ineffective assistance claims prior to judgment, including the disruption of the proceedings.

*United States v. Singh*, 979 F.3d 697, 731 (9th Cir. 2020) (cleaned up). The Ninth Circuit has stated it will only review ineffective assistance of counsel claims during litigation when "the record is sufficiently developed to permit review and determination of the issue, or the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel" and has admonished District Courts to do likewise. *United States v. Steele*, 733 F.3d 894, 897 (9th Cir. 2013).

In this case, the Court finds it is not appropriate to consider Bounds' ineffective assistance of counsel claim at this time. First, adjudicating Bounds' claim now would

surely cause a disruption to the proceedings. Second, there is no indication that Hallin's representation has been so inadequate that Bounds has been denied his Sixth Amendment right to counsel. Third, even if such could be argued, any complaints that Bounds has about Hallin's *performance* before, during, and after trial should be adjudicated in post-judgment habeas corpus proceedings. *See United States v. Ross,* 206 F.3d 896, 900 (9th Cir.2000). In short, the Court will not review Bounds' ineffective assistance of counsel claims at this juncture including things Hallin did—or did not—do in preparation for, or during, trial.

The above aside, the Court is more concerned with the language in Bounds' Motion that seems to suggest he has *continued* problems with Hallin (separate and apart from any evidentiary or "legal" disagreements) and requires new counsel solely for sentencing. The Court does not take requests for new counsel lightly and routinely grants them so as to protect a Defendant's rights. Such is evidenced by the fact that the Court has allowed Bounds to change counsel twice already in this case. However, this fact cuts both ways. While it is not difficult to imagine that one or two attorneys wouldn't be well suited for a particular case or with a particular defendant, it begins to look suspicious when a defendant seeks new counsel for a third, fourth, or fifth time. At that point, it begins to look more like the defendant, and not the attorney, is the problem and/or that the defendant is changing counsel every time a disagreement arises as opposed to changing counsel because there is a potential deprivation of constitutional rights. *See e.g., United States v. Mendez-Sanchez*, 563 F.3d 935, 944 (9th Cir. 2009) (finding that "while having already been granted a motion to substitute counsel once does not preclude [a defendant from] receiving another lawyer, the fact that [the perceived problem] was the same breakdown in communications

that had occurred with his previous lawyer is significant"). *See also United States v. Smith*, 282 F.3d 758, 764 (9th Cir. 2002) (upholding a District Court's denial of a motion to substitute counsel where it appeared the conflict was "general unreasonableness or manufactured discontent" rather than any particular deprivation).

As noted, Bounds routinely files materials with the Court. Often, it appears these items were filed when Bounds had trouble communicating with his various attorneys. However, some were filed when it appeared things were going relatively well. Bounds himself has noted that he likes to "micro manage" his case. Dkt. 57-1. Bounds, however, appears not only to micro-manage his case, but to fire anyone who opposes his view of the case. While a client has a great deal of say in his or her case, it is the attorney's job to explain the law, outline strategic choices, and provide reasonable professional judgment to the client. Sometimes that means *not* doing what a client asks. Further, any differences of opinion regarding tactics are *rarely* proof of insufficient representation because strategic litigation choices are virtually unchallengeable. *See Cox v. Ayers*, 613 F.3d 883, 893 (9th Cir. 2010).

Through the extensive history of this case, it has become apparent that Bounds becomes generally dissatisfied when any of his attorneys do not do exactly what he asks. Again, while such might be sufficient to replace one attorney, it is not sufficient good cause to replace a defendant's fourth attorney; especially one as involved as Hallin has been.

Ultimately, the decision whether to remove a court-appointed attorney is within the Court's discretion. *United States v. Williams*, 717 F.2d 473, 475 (9th Cir. 1983). Here, Bounds has been represented by four excellent attorneys. While his first attorney, Rubin,

MEMORANDUM DECISION AND ORDER - 8

withdrew for reasons not pertinent to the Court's decision today, Bounds effectively fired his next two attorneys—and one after even saying he was the "best around"—because of perceived breakdowns in communication. The Court has been patient with Bounds, but will not allow him a fifth attorney in this case. At this point, Hallin has been representing Bounds for over 19 months (including through a four-day trial). Removing Hallin at this stage could prejudice Bounds in itself. Hallin is deeply aware of the issues in this case, was Bounds' trial counsel, and has been actively preparing for sentencing. [4]

The Court is not discounting Bounds' opinion that communications may not be perfect between him and Hallin, but there is little in the record to suggest that Hallin is not actually providing adequate representation to Bounds. The Court finds Bounds has not provided the Court with any justification to warrant a change in counsel at this late stage of the case. The Court will not replace Hallin at this time.

Finally, in light of the Court's decision, Bounds' request for a 90-day continuance of his sentencing to allow new counsel to get up to speed is MOOT.

**B. Motion to Waive 14-day Deadline (Dkt. 188)**

Again, this particular motion appears to cover multiple legal topics. Bounds asks that the Court "waive the 14-day [R]ule 33 filing deadline pertaining to Ineffective Assistance of Counsel claim." Dkt. 188, at 2. Bounds goes on to say that "once the honorable Court has addressed the immediate issue of current counsels' deficient

---

[4] Importantly, Hallin has not filed a Motion to Withdraw in this case. The Court is not implying this fact is dispositive, but simply notes that attorneys are well-aware of their duties to clients and can apprise the Court themselves of any breakdowns that might affect a client's constitutional rights.

representation [filed] on 11-17-2020, it is my intention to file an extensive two-part Rule 33 motion for a New Trial. The basis of my Rule 33 motion will be newly discovered evidence and Ineffective Assistance of Counsel." *Id.*

Bounds misunderstands and/or is conflating two separate legal principles. First, a Rule 33 Motion for New Trial must be filed within three (3) years (after the verdict is rendered) if the motion is based on newly discovered evidence. Thus, to the extent Bounds wishes to motion for a new trial based on newly discovered evidence, there is no reason to waive the time requirement as it is still open for another two and a half years.

On the other hand, a motion for new trial on any grounds other than newly discovered evidence must be filed within 14 days after the verdict is entered. Bounds appears to believe that ineffective assistance of counsel is an "other ground" that could justify a new trial. In most circumstances, ineffective assistance of counsel claims are appropriately raised in post-judgment habeas corpus proceedings—not during the case and not immediately after trial. That said, an ineffective assistance of counsel *can* be raised in a Rule 33 motion—if done so under the appropriate time constraints.

The Ninth Circuit has routinely rejected the idea that an ineffective assistance of counsel claim constitutes newly discovered evidence under Rule 33. *See United States v. Jassal*, 388 F. App'x 748, 750 (9th Cir. 2010) ("Evidence of the ineffective assistance of counsel does not fit within Rule 33's exception for newly discovered evidence."); *United States v. Hanoum*, 33 F.3d 1128, 1130-31 (9th Cir.1994) ("We hold that a Rule 33 motion based upon 'newly discovered evidence' is limited to where the newly discovered evidence relates to the elements of the crime charged. Newly discovered evidence of ineffective

assistance of counsel does not directly fit the requirements that the evidence be material to the issues involved, and indicate that a new trial probably would produce an acquittal.").

Thus, in order to raise ineffective assistance of counsel (at the Rule 33 level), a Defendant must meet the 14-day time requirement.

Now, maybe Bounds understood this distinction—hence his filing a motion to waive the 14-day requirement. While clearly not necessary for a motion based upon new "trial" evidence, such a motion *might* be proper for his ineffective assistance of counsel claim. The Court says "might" because Bounds has not supplied the Court with any caselaw that would allow it to waive, extend, or hold in abeyance the applicable deadline. That said, the Federal Rules of Criminal Procedure outline that, *generally speaking,* the Court may extend any deadline or timeframe (1) before the time expires, or (2) after the time expires if the party can show excusable neglect. Fed. R. Crim. P. 45(b)(1)(A)-(B). In this case, however, Bounds cannot meet either requirement.

The verdict in this case was entered on August 28, 2020. Dkt. 171. Accordingly, Bounds needed to file any motion (or ask for an extension) by September 11, 2020. Bounds did not file his Motion to Waive until November 6, 2020—almost two months late. In his Motion, Bounds asserts that the Court should waive the 14-day requirement while it analyzes his Motion for Ineffective Assistance. Even were the Court to look to the date of that prior filing, it would not help Bounds' argument. Bounds original motion was filed on October 5, 2020—roughly three weeks after the expiration of time under Rule 33. In short, Bounds did not file *anything* relative to Rule 33 (an actual motion or a motion for an extension) until 70 days after trial.

MEMORANDUM DECISION AND ORDER - 11

What's more, Bounds does not present any credible argument that his failure to file within the prescribed timeframe was due to excusable neglect. Frankly, it appears Bounds was simply "keeping his options open" and desired that the Court extend the timeframe so that, if his original motion for ineffective assistance of counsel did not turn out the way he planned, he had another avenue to pursue those claims. As already noted, however, Bounds does have that option (irrespective of the Court's decision) via post-conviction habeas corpus proceedings.

In short, Rule 33 is not applicable under these circumstances and, even if it was, Bounds did not meet the requisite deadline or provide just cause for his failure to do so. The Motion to Waive is DENIED.

### IV. ORDER

1. Bounds' Motion to Re-visit Ineffective Assistance of Counsel Claim and Motion for 90 day Sentencing Continuance (Dkt. 175) is DENIED.

2. Bounds' Motion to waive 14-day Rule 33 Filing Deadline (Dkt. 188) is DENIED.

3. The Court will reset the sentencing hearing as soon as reasonably possible.

DATED: March 2, 2021

_____
David C. Nye
Chief U.S. District Court Judge